# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 8, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| B.A., | * | |
| | * | No. 11-51V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Redaction; |
| AND HUMAN SERVICES, | * | Entitlement Ruling; Case Caption. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

### RULING ON PETITIONER'S MOTION FOR REDACTION[1]

On January 20, 2011, B.A. ("petitioner") filed a claim in the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program").[2] Petitioner received a second dose of the Gardasil vaccination for human papillomavirus ("HPV") (referred to hereafter as "the HPV vaccine") on January 23, 2008 and a third dose on June 3, 2008. Petitioner alleges that as a result of these vaccines, she suffered severe, chronic headaches and various other sequelae. Amended Petition at 1. On December 6, 2018, I issued a ruling that petitioner had demonstrated her entitlement to compensation (ECF No. 153) ("the Entitlement Ruling"). Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact her name throughout the ruling to protect her privacy. Motion for Redaction dated December 18, 2018 (ECF No. 155). For the reasons stated below, I hereby grant petitioner's motion.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov. In light of my conclusion below, I intend to post this decision with the redacted caption shown above. To the extent that petitioner would seek further redaction of this ruling, petitioner has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

### I. Procedural History

Petitioner filed the present motion on December 18, 2018. She requests that her first name and her full name be reduced to her initials in the ruling on entitlement. She notes that the ruling details her medical history before and after the vaccinations in question, including how she saw a psychiatrist and a neuropsychologist. She avers that this information is not currently known by her family (except her mother), her friends, and the public. She avers that disclosure of this information would be personally embarrassing, as well as an unwarranted invasion of privacy.

On December 19, 2018, respondent filed a response to petitioner's motion for redaction (ECF No. 156). After summarizing the relevant case law, respondent concludes: "Respondent does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information in any particular case, including this one, but rather defers to the special master's judgment as to whether petitioner's Motion should be granted, applying the analytical framework discussed above." Response at 5. Petitioner has not filed a reply. This matter is ripe for adjudication.

### II. Discussion

The Vaccine Act, section 12(d)(4)(B), provides that information concerning "medical files and other files" may redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." *Id.* What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460 (2011). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure so as to increase public awareness of vaccine and medical conditions they may or may not cause. *Id.* at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed, to enable the reader to follow and understand the decision maker's rationale." *Castagna v. Sec'y of Health & Human Servs.*, 2011 WL 4348135, *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

However, in *W.C.*, the Federal Circuit held that disclosure of a petitioner's name is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements. In *W.C.*, the court concluded that while disclosure of information linking petitioner to his injury does not necessarily constitute an "*unwarranted* invasion of privacy," "where [t]here is no relevant public purpose to be weighed against [a] threatened invasion[,] . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'" *W.C.*, 100 Fed. Cl. at 461 (emphasis original) (quoting *Federal Labor Relations Auth. V. United States Dep't of Veterans Affairs*, 958 F.2d 503, 513 (2nd Cir. 1992)).

Here, I agree with the rationale expressed in *W.C.* Petitioner has asserted an adequate, understandable interest in avoiding disclosure of her full name in connection with her medical history. Her full name does not bear on public awareness of vaccines and the medical conditions they may or may not cause. Nor does her full name bear on a reader's ability to understand the rationale for entitlement of this claim.

Accordingly, I will grant petitioner's motion for redaction of the entitlement ruling. I will similarly redact the case caption. Petitioner will be referred to only as B.A. going forward.[3]

### III.   Conclusion

For the reasons set forth above, I hereby determine that petitioner has established grounds for redaction of her name in the ruling on entitlement and going forward. Her motion is hereby **GRANTED.**

**The Clerk of the Court is directed to change the case caption to the following:**

```
* * * * * * * * * * * * * * * * * *
B.A.,                              *
                                   *           No. 11-51V
           Petitioner,             *
v.                                 *           Special Master Gowen
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
           Respondent.             *
* * * * * * * * * * * * * * * * * *
```

Additionally, prior to posting the ruling on entitlement onto the Court's website, I will reduce petitioner's name to her initials.

**IT IS SO ORDERED.**

<b>s/ Thomas L. Gowen</b><br>
Thomas L. Gowen<br>
Special Master

---

[3] Although petitioner's motion for redaction did not request this additional relief, I find it appropriate and necessary to preserve her privacy going forward. Since petitioner has been found entitled to compensation, it is certain there will be additional public decisions going forward that address the nature of petitioner's injury and her claim – at a minimum, a decision awarding damages. There is good reason to conclude that the rationale discussed in this opinion will continue to apply to any and all subsequent opinions issued in this case. In that context and given the limited nature of petitioner's request for redaction, amending the case caption will eliminate repetitive motion practice and help to prevent any inadvertent disclosure by the Court or inadvertent waiver of redaction by the parties.