# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: January 10, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| B. A., | * | |
| | * | No. 11-51V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Interim Award; Adjustment of |
| | * | Expert's Hourly Rate; |
| Respondent. | * | First-Class Airfare. |
| * * * * * * * * * * * * * * * * * * | | |

Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 18, 2018, B.A. ("petitioner") filed a second motion for interim attorneys' fees and costs. Petitioner's Interim Application ("Pet. Int. App.") (ECF No. 150). For the reasons discussed below, the undersigned hereby **GRANTS** petitioner's motion and awards a total of $306,871.55 in *interim* reasonable attorneys' fees and costs and $6,287.45 in interim costs incurred by petitioner.

## I.    Procedural History

Petitioner received the human papillomavirus ("HPV") vaccines at issue on January 23, 2008, and June 3, 2008. On January 20, 2011, petitioner, acting *pro se*, filed a claim in the Vaccine Program in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

No. 1).  She subsequently retained counsel.  On May 9, 2013, her original counsel was terminated and replaced by her current counsel of record, Ms. Lisa Roquemore.  *See* Notice (Non-PDF) granting Petitioner's Motion to Substitute Counsel (ECF No. 57), both entered on May 9, 2013.  On May 30, 2013, the then-presiding special master awarded the former counsel $18,500.00 in interim attorneys' fees and costs.  Decision (ECF No. 58).

The case was moved to my docket in March 2014.  The case was scheduled for an entitlement hearing.  In advance of the hearing, petitioner filed numerous reports from Dr. Lawrence Steinman, M.D., an expert in neurology and immunology.  Petitioner's Exhibits ("Pet. Exs.") 59, 74, 89, 95.  Respondent filed numerous responsive reports from a neurologist, Respondent's ("Resp.") Exs. A & I, as well as a toxicologist, Resp. Ex. G.  The parties also filed their respective experts' curriculum vitae and significant medical literature.  An entitlement hearing was held in Los Angeles, California, on March 15 – 16, 2016  and continued in Washington, D.C. on January 24, 2017.  Transcript ("Tr.") (ECF Nos. 124, 126, 138).  Petitioner and her mother appeared at the first two days of the hearing.  Her counsel and her expert appeared at all three days.  Both before and after the hearing, petitioner submitted extensive briefs detailing the complicated facts, medical topics, and legal standard at issue in this case.

On November 19, 2018, petitioner filed the instant motion for an interim award of reasonable attorneys' fees and costs.  Pet. Int. App. (ECF No. 150); *see also* Additional Documentation (ECF No. 151).  She requests $260,414.92 in attorneys' fees; $50,944.13 in attorneys' costs; and $8,203.19 in reimbursement of costs which she personally incurred.

On December 3, 2018, respondent filed a response to petitioners' application for interim attorneys' fees and costs.  Resp. Response (ECF No. 152).  Respondent defers to the special master to determine whether or not petitioner has met the legal standard for interim attorneys' fees and costs award set forth in *Avera v. Sec'y of Health and Human Servs.*, 515 F.3d 1345 (Fed. Cir. 2008).  *Id.* at 2.  "Respondent is otherwise satisfied that the statutory requirements for an award for attorneys' fees and costs are met in this case."  *Id.* (citing Vaccine Act, Section 15(e)(1)(A)-(B)).  Respondent "respectfully requests that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner did not file a reply.[3]  Thus, this matter is now ripe for review.

On December 6, 2018, I issued a Ruling finding petitioner entitled to compensation (ECF No. 153) as well as a damages order setting a schedule for the parties to discuss the resolution of damages (ECF No. 154).  The damages order directed the parties to file a joint status report by January 7, 2019.[4]

---

[3] Pursuant to Vaccine Rule 20, a petitioner has the right to file a reply within 7 days of a response to an application for attorneys' fees and costs.  Please note that in a case (like this one) where respondent does not raise any specific objections and generally recommends that the special master exercise his discretion, the undersigned special master does not particularly need to receive a reply from the petitioner.  However, petitioner may file a reply to raise additional arguments or simply to confirm that the matter is ripe for adjudication.

[4] As of December 22, 2018, the appropriations act funding the Department of Justice ("DOJ") expired and appropriations for DOJ lapsed.  On December 26, 2018, the Chief Special Master issued a General Order stating that "[a]bsent an appropriation, DOJ employees are prohibited from working, except in very limited circumstances. Accordingly, all deadlines for Respondent in cases pending before the Office of Special Masters, absent a

2

II.     **Entitlement to Attorneys' Fees and Costs**

A.  **General Legal Standard**

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In this case, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met.  Resp. Response at 2.  In light of respondent's position and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis.

B.  **Interim Awards**

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs.  In addition, the Vaccine Act permits interim attorneys' fees and costs.  *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim."  § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).  I find that this claim was brought in good faith and on a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "*the claimant* establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375 (emphasis added).  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there ultimately are many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

I find an award of interim attorneys' fees and costs to be appropriate at this time.  The claim has been pending in the Vaccine Program for approximately eight years.  The first interim award was made to petitioner's *former* counsel back in 2013.  Petitioner's current counsel has

---

subsequent Order of the assigned Special Master, are hereby STAYED until DOJ appropriations are restored."  *See* Office of Special Masters' General Order regarding lapse in Department of Justice's appropriations entered on December 26, 2018, available at http://www.cofc.uscourts.gov/node/3094.

been working on the claim for nearly six years.  She has documented over $200,000 in attorneys' fees and over $50,000 in attorneys' costs.  Additionally, petitioner herself incurred costs mainly associated with attending the entitlement hearing in Los Angeles, California.

Since petitioner filed the instant application for interim attorneys' fees and costs, a ruling on entitlement has been issued.  The parties are just entering the damages phase.  While this is the final substantive phase of the case, it could take a considerable length of time to resolve.  The appropriations act funding respondent's counsel has expired and they are generally prohibited from working.  It is unclear when those appropriations will be restored.  Additionally, it may be necessary to obtain additional medical records and consult with medical providers and experts to determine petitioner's damages.  If a life care plan is needed, the process could be drawn out while the parties coordinate a site visit and reach a consensus on a life care plan.  For these reasons, I find it appropriate to award interim attorneys' fees and costs at this time.

## III.    Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Hourly Rates

Petitioner requests the following rates:

|                    | 2013  | 2014  | 2015  | 2016  | 2017  | 2018  |
|--------------------|-------|-------|-------|-------|-------|-------|
| **Lisa Roquemore** | $355  | $365  | $400  | $400  | $409  | $409  |
| **Paralegal**      | $125  | $125  | $135  | $135  | $138  | $138  |

*Id.*, Tabs 1 – 2.  These rates are in accordance with those established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  They have also been found to be reasonable and awarded by several other special masters, as detailed in petitioner's motion.  Thus, they will be awarded without adjustment.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed.  *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

Petitioner requests compensation for 600.7 hours of attorney time and 177 hours of paralegal time expended from 2013 to November 19, 2018.  Pet. Int. App., Tab 2.  The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended.  Based on my experience and my familiarity with the work performed in this case, the attorneys' fees requested are generally reasonable.  I find no cause to adjust what is requested.  Accordingly, the fees will be awarded in full.

### D.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira*, 27 Fed. Cl. 29, 34.  Here, petitioner requests $50,944.13 in interim attorneys' costs including, *inter alia*, the costs associated with obtaining medical records, obtaining a hearing transcript, and travel and accommodations for the entitlement hearing.  These costs are reasonable and adequately documented.

Petitioner also requests $48,944.13 for her expert Dr. Lawrence Steinman's work on this matter from 2013 – 2017.  *See* Pet. Int. App., Tab 9 (invoice).  His travel costs and number of hours expended on the case are reasonable.  However, his requested hourly rate of $550 merits further discussion.  In his invoice (dated February 5, 2017) and in an accompanying declaration (dated September 27, 2017) (Pet. Int. App., Tab 7), Dr. Steinman avers that he has been limited to $500/ hour for several years; he requests an increase to $550 per hour; but if that increased fee is not granted, he will accept the usual rate of $500 per hour.  Pet. Int. App., Tab 7.  While I am sympathetic to the arguments raised by Dr. Steinman, I am not aware of any expert that has received more than $500 per hour for their work in the Vaccine Program.  Following Chief

Special Master Dorsey's reasoning, I have previously denied Dr. Steinman's request for an increased rate. *Green v. Sec'y of Health & Human Servs.*, No. 15-1447, 2017 WL 6336776, *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2017), following *Rosof v. Sec'y of Health & Human Servs.*, No. 14-766V, 2017 WL 1649802 (Fed. Cl. Spec. Mstr. March 31, 2017). The present application does not present any new data or reasoning. Thus, Dr. Steinman will be awarded $500 per hour. This results in a deduction of $4,487.50 from counsel's award.

### E. Petitioner's Costs

Petitioner personally requests reimbursement of $8,203.19 in costs personally incurred during the prosecution of her claim. The costs associated with attending the hearing in Los Angeles, California; postage; medical records; paying a retainer to Dr. Steinman; and obtaining a transcript of the entitlement hearing are adequately documented and generally reasonable (although preferably when petitioner is represented by counsel, *counsel* should incur costs such as expert retainers and transcripts.) Pet. Int. App., Tabs 5 – 6. These will be awarded.

Petitioner also requests reimbursement for first-class airfare for her and her mother (who testified as a fact witness) to attend the hearing in Los Angeles, California. Pet. Int. App., Tabs 5 – 6. She avers that first-class airfare was necessary because she has significant involuntary movements/ jerking of the head and limbs, which are exacerbated when she does not have room to move and stretch out. Pet. Int. App., Tab 5 at 3, n. 2. She avers that during a prior flight, while she was sleeping and jerking, she inadvertently hit her seat mate. *Id.* As detailed in the ruling on entitlement, I am familiar with petitioner's symptoms. I personally observed that she had a distinct facial tic throughout the two days of the hearing in Los Angeles. However, it is well-established that the Vaccine Program does not compensate for upgraded methods of travel, such as first-class airfare. *See, e.g.*, *Kreten v. Sec'y of Health & Human Servs.*, No. 15-504V, 2018 WL 6819553 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); *Sharpe v. Sec'y of Health & Human Servs.*, No. 14-065V, 2018 WL 3990867 (Fed. Cl. Spec. Mstr. July 6, 2018); *McCulloch*, 2015 WL 5634323. While I am sympathetic to petitioner, I am not persuaded that she has made an adequate showing for departing from the Vaccine Program's general policy on this subject. In anticipation of the possibility that first-class airfare would not be reimbursed, petitioner also provides documentation of economy airfare between the same airports. Pet. Int. App., Tab 6 at 20. I will award the cost of the economy airfare. This results in a deduction of $1,915.74 from petitioner's costs award.

## IV.    Conclusion

In accordance with the foregoing, petitioners' application for *interim* attorneys' fees and costs is **GRANTED**. I find that she is entitled to the following reasonable attorneys' fees and costs at this time:

| | |
|---|---|
| **Interim Attorneys' Fees Awarded:** | **$260,414.92** |
| | |
| Interim Attorneys' Costs Requested: | $50,944.13 |
| Reduction for expert rate: | - $4,487.50 |
| **Interim Attorneys' Costs Awarded:** | **$46,456.63** |

| **Interim Attorneys' Fees and Costs Awarded:** | **$306,871.55** |
|---|---|

| Interim Petitioner's Costs Requested: | $8,203.19 |
|---|---|
| Reduction for first-class airfare: | - $1,915.74 |
| **Interim Petitioner's Costs Awarded:** | **$6,287.45** |

Accordingly, I award the following:

1) **A lump sum in the amount of $306,871.55, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Lisa A. Roquemore of the Law Office of Lisa A. Roquemore.**

2) **A lump sum in the amount of $6,287.45, representing reimbursement of interim out-of-pocket costs personally incurred by petitioner, in the form of a check payable solely to petitioner.**

In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' separate or joint filing of a notice renouncing their right to seek review.