# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 2, 2021

| | |
|---|---|
| * * * * * * * * * * * * *<br>B.A.,<br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                     Respondent.<br>* * * * * * * * * * * * * | UNPUBLISHED<br><br>No. 11-51V<br><br>Special Master Gowen<br><br>Decision on Damages. |

*Lisa A. Roquemore,* Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
*Jennifer L. Reynaud,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On January 20, 2011, B.A. filed a claim in the National Vaccine Injury Compensation Program.[2] B.A. received her second dose of the Gardasil vaccine against human papillomavirus ("HPV") (hereinafter referred to as "the HPV vaccine") on January 23, 2008, and a third dose on June 3, 2008. B.A. alleges that as a result of these vaccines, she suffered severe chronic headaches and various other sequelae. Amended Petition at 1. After holding an entitlement hearing, I issued an opinion concluding that B.A. had established her entitlement to compensation under the Vaccine Act. *See* Ruling on Entitlement filed on December 6, 2018 (ECF No. 153); refiled in redacted form on January 10, 2019 (ECF No. 159).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter the "Vaccine Act" or the "Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

After the parties filed evidence and briefing on unresolved categories of damages, a hearing was held on May 20 – 21, 2021. A ruling was issued on September 7, 2021 (ECF No. 246); *see also* Scheduling Order filed October 8, 2021. Damages Ruling (ECF No. 247).

On October 29, 2021, Respondent filed a status report in which he "incorporates the special master's ruling on all life care items of compensation," Status Report (ECF No. 251), as illustrated by Respondent's Appendix A.

Upon review, I conclude that the award detailed in Respondent's status report and appendix (attached hereto) is reasonable and in conformance to my ruling on damages, and therefore adopted as my decision awarding damages on the terms set forth therein.

**Consistent with the foregoing, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

A. **A lump sum payment of $1,826,255.62, representing compensation for life care expenses expected to be incurred in the first year after judgment ($77,666.92), lost earnings ($1,447,669.03), pain and suffering ($220,040.23), and past unreimbursable expenses ($80,879.44), in the form of a check payable to Petitioner.**

B. **An amount sufficient to purchase the annuity contract, subject to the conditions described in the status report and appendix.**

Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the foregoing.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).