# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 18, 2022

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| B. A.,                                           \* | |
|                                                  \* | No. 11-51V |
|         Petitioner,        \* | |
| v.                                               \* | Special Master Gowen |
|                                                  \* | |
| SECRETARY OF HEALTH                              \* | |
| AND HUMAN SERVICES,                              \* | Attorneys' Fees and Costs. |
|                                                  \* | |
|         Respondent.      \* | |
|                                                  \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lisa A. Roquemore*, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
*Jennifer L. Reynaud*, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On, April 20, 2022, B.A. ("petitioner") filed a final motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Final Fees App.") (ECF No. 256).  For the reasons discussed below, the undersigned hereby **GRANTS** petitioner's motion and awards a total of **$212,166.00** in reasonable attorneys' fees and costs and **$4,090.56** in costs incurred by petitioner.

### I.      Procedural History

On January 20, 2011, petitioner filed a claim in the National Vaccine Injury Compensation Program acting in a *pro se* capacity. [2] (ECF No. 1). Petitioner alleged that as a result of receiving two doses of the human papillomavirus ("HPV") vaccines on January 23, 2008, and June 3, 2008, petitioner suffered from severe, chronic headaches, and various other

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

sequelae. Petition. Petitioner subsequently obtained counsel, who was terminated and replaced by current counsel Ms. Lisa Roquemore on May 9, 2013. (ECF No. 57). Subsequently on May 30, 2013, the presiding special master awarded the former counsel interim attorneys' fees and costs in the amount of $18,500.00. Int. Fees. Decision (ECF No. 58).

The case was moved to my docket on March 4, 2014. *See* Notice of Reassignment (ECF No. 79). An entitlement hearing was held in Los Angeles, California, on March 15-16, 2016, and in Washington, D.C. on January 24, 2017. (ECF Nos. 124, 126, 138). During these entitlement hearings, petitioner and her mother appeared, as well as her counsel and expert. Petitioner submitted a pre-hearing brief and a post-hearing brief on the medical, factual, and legal issues in this case. Pre-Hearing Brief (ECF No. 118); Post-Hearing Brief (ECF No. 147).

Subsequently on November 19, 2018, petitioner filed a second motion for an interim award of reasonable attorneys' fees and costs. Int. Fees. Motion (ECF Nos. 150, 151). Petitioner requested $260,414.92 in attorneys' fees and $50,944.13 in attorneys' costs as well as $8,203.19 in reimbursement of costs which were personally incurred. *Id*. (ECF No. 160). On December 6, 2018, I issued a Ruling on Entitlement finding petitioner entitled to compensation in the Vaccine Program. (ECF Nos. 153, 154). The same day I issued a Damages Order which set a schedule for the parties to discuss the resolution of damages. (ECF No. 154).

On January 10, 2019, the interim attorneys' fees were awarded in full, attorneys' costs were awarded with a reduction, and petitioner's costs were awarded with a reduction. Int. Attorneys' Fees Decision (ECF No. 160). The reduction in attorneys' costs was attributed to an expert rate which was outside of the bounds of any expert cost previously awarded, without any new data or reasoning, and thus unreasonable. *Id*. The reduction in petitioners' costs was attributed to first-class airfare, which the Vaccine Program will not compensate for. *See, e.g, Kreten v. Sec'y of Health & Human Servs.*, No. 15-504V, 2018 WL 6819553, at *4 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); (ECF No. 160).

A damages hearing was held via videoconference from May 20, 2021, through May 21, 2021. (ECF No. 22). On May 17, 2021, petitioner filed pre-hearing submissions for the damages hearing. (ECF No. 230). On September 7, 2021, I issued a Damages Ruling, and on December 3, 2021, judgement was entered, pursuant to Vaccine Rule 11(a), that petitioner was to be awarded a lump sum payment of $1,826,255.62 which represented compensation for life care expenses expected to be incurred in the first year after judgement, lost earnings, pain and suffering, and past non-reimbursable expenses. Decision on Damages (ECF No. 253).

On April 20, 2022, petitioner filed a final motion for attorneys' fees and costs. Pet. Int. Mot. (ECF No. 256). This included $175,754.50 in attorneys' fees. *Id*. Petitioner identified $872.02 in additional attorney costs for the period from December 1, 2018, through and including April 2022, and $37,873.86 for expert fees and costs for the time period from January 2019, through and including October 2021. *Id*. In sum, all attorneys' costs requested total $38,745.88. Petitioner also identified $4,090.56 in personal un-imbursed litigation costs. *Id*.

On May 4, 2022, respondent filed a response to this final motion for attorneys' fees. Respondent's ("Resp.") Response (ECF No. 257). Respondent points to the guidance from the

Federal Circuit giving special masters discretion in determining whether or not petitioners' requested fees and costs are reasonable. *Id.* (citing *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994)). Respondent's reply indicated that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and "respectfully requests that the Court exercise its discretion and determine a reasonable award of attorneys' fees and costs." *Id.* Petitioner did not file a reply.[3]

This matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### A.  General Legal Standard

The Vaccine Act instructs this Court that reasonable attorneys' fees and costs "shall be awarded" for a petition which results in compensation. §15(e)(1)(A)-(B); *Rodriguez v. Sec'y of Health & Human Servs.,* 91 Fed. Cl. 453, 462 (2010), *aff'd*, 632 F.3d 1381, 1386 (Fed. Cir. 2011). In instances where compensation is not awarded, these reasonable attorneys' fees and costs may still be awarded if the special master or court determines that a petition was brought in good faith and with a reasonable basis. *See* §15(e)(1). The rationale for this standard was articulated by the Federal Circuit where the court stated that Congress meant, "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In this case, petitioner was awarded compensation pursuant to a judgement of this Court which was accepted by the petitioner on December 6, 2021. (ECF Nos. 253, 255). Therefore, she is entitled to an award of reasonable attorneys' fees and costs.

### B.  Legal Standard for Reasonable Attorneys' Fees and Costs

Special masters will determine reasonable attorneys' fees and costs under the Vaccine Act by using the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) ("Using the lodestar approach, a court first determines an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'") (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). This Court may then make an upward or downward departure from this calculation based on specific findings. *Id.* at 1348. *Perreira* extends the requirement that fees be reasonable to costs as well. 27 Fed. Cl. at 34 (1992) ("Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").

When making a request for attorneys' fees, petitioner should have support in the form of contemporaneous and particularized billing records, which indicate the services performed, the

---

[3] Pursuant to Vaccine Rule 20, a petitioner has the right to file a reply within 7 days of a response to an application for attorneys' fees and costs. Please note that in a case (like this one) where respondent does not raise any specific objections and generally recommends that the special master exercise his discretion, the undersigned special master does not particularly need to receive a reply from the petitioner. However, petitioner may file a reply to raise additional arguments or simply to confirm that the matter is ripe for adjudication.

number of hours expended on a particular task, and the name of those that performed the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18. Petitioner is also instructed by the Federal Circuit that they should make a good faith effort to exclude from this request any hours that are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Saxton*, 3 F.3d at 1521 (Fed. Cir. 1993).

Special masters may utilize their own experiences and judgement to reduce the number of hours billed to a level that is found to be reasonable for the work performed, and a line-by-line analysis is not required. *See Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Ultimately, special masters are given substantial discretion in determining if a petitioner's request is reasonable, and the Supreme Court warns that the determination of fees should not be the genesis of a second round of major litigation. *See Fox v. Vice*, 563 U.S. 826, 838 (2011); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### III.   Reasonable Attorneys' Fees Analysis

Petitioner has requested a total of $175,754.50 in attorneys' fees for her attorney, Ms. Lisa A. Roquemore, and her paralegal. Final Fee App., Ex. 1. Ms. Roquemore is noted as a practicing attorney with 32 years of experience and has represented clients previously in the Vaccine Program. *Id.* at Ex. 2. Petitioner has requested reimbursement for services from December 1, 2018, through and including April 2022 at the following rates:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| **Lisa M. Roquemore** | $409.00 | $421.00 | $421.00 | $447.00 | $447.00 |
| **Paralegal** | $138.00 | $139.00 | $139.00 | $139.00 | $139.00 |

Reasonable hourly rates should be construed as "'the prevailing market rate,' defined as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)). That rate should be based on the forum rate for the District of Columbia instead of the rate in the location of petitioner's attorney. *See Rodriquez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). However, the Federal Circuit in *Avera* recognizes an exception to this rule when a significant amount of the work is performed outside of the forum, and a "very significant difference" between forum and local hourly rates is present. 515 F.3d at 1349 (quoting *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C.Cir. 1999)). The Federal Circuit explained that "[a]pplying this exception ensures that attorneys are awarded reasonable compensation for their work and more appropriately reflects the purpose of a fee-shifting statute, especially in cases arising under the no-fault Vaccine Act." *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011). Subsequently, a framework was provided for determining the

appropriate hourly rate range supported by the attorneys' experience for attorneys' fees. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Here, petitioner has requested rates for Ms. Roquemore and her paralegal that are consistent with what has been previously awarded for their work in this Court. *See J.T. v. Sec'y of Health & Human Servs.*, No. 12-618V, 2018 WL 4623163, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2018) (approving of Ms. Roquemore's $409.00 rate); *Grow v. Sec'y of Health & Human Servs.*, No. 16-013V, 2021 WL 1972427, at *2 (Fed. Cl. Spec. Mstr. Apr. 16, 2021) (approving of Ms. Roquemore's $421.00 hourly rate in 2019 and 2020); *Stefano v. Sec'y of Health & Human Servs.*, No. 19-898V, 2021 WL 1186511, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2021) (implicitly approving of Ms. Roquemore's $447.00 rate for 2021). Because previous rates for all years have been approved, and the rate for work completed in 2022 remained the same as for Ms. Roquemore's work in 2021, I see no reason to deny the $447.00 rate for work completed in 2022.

The same rationale applies to the rates for the paralegal work completed for this case. The paralegal fees only increased once and have been repeatedly approved in this Court. *See e.g., D.G. v. Sec'y of Health & Human Servs.*, No. 11-577V, 2020 WL 3265015, at *3 (Fed. Cl. Spec. Mstr. May 22, 2020) (approving of Ms. Roquemore's paralegal rate of $138.00 in 2018 and $139.00 in 2019); *Roylance v. Sec'y of Health & Human Servs.*, No. 18-1831V, 2020 WL 4523677, at *1 (Fed. Cl. Spec. Mstr. Jun. 30, 2020) (implicitly approving the $139.00 rate). Because this rate had been previously approved and remained unchanged in 2022, I find it to be a reasonable rate for the work of Ms. Roquemore's paralegal in 2022. Accordingly, all rates presented by petitioner are reasonable.

In a similar manner to how "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests," "[v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). As previously stated, a line-by-line evaluation of the billing records is also not required. *See Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). The billing record filed provides the dates, detailed descriptions, tasks performed, the requested rate, and time expended in appropriate increments. (ECF No. 256). None of the entries appear objectionable, and respondent has not identified any particular entries that are objectionable. Petitioner is thus entitled to final attorneys' fees of $175,754.50.

## IV. Reasonable Attorneys' Costs Analysis

Petitioner requests reimbursement of ReEntry Rehabilitiation's expert fees and separate costs in the total amount of $38,745.88. Final Fee App., Exs. 7, 9. The majority of these costs are attributable to the services of Ms. Elizabeth Kattman, M.S., totaling $37,873.86. Final Fees App. at 18. *Id.* The remaining costs of $872.02 include the costs for postage and printing of exhibits. Final Fee App., Ex. 4. Special masters must be mindful that "[l]ike attorneys' fees, reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. Experts should create an invoice that

explains what tasks are being done, how long the tasks take, and who is performing the tasks." *Wilson v. Sec'y of Health & Human Servs.,* No. 14-411V, 2017 WL 1374748 at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2017) (citing *Caves v. Sec'y of Health & Human Servs.*, 111 Fed.Cl. 774, 781-83 (2013).

I find specific entries related to the travel time of petitioner's expert Ms. Elizabeth Kattman, M.S. to be unreasonable. Ms. Kattman has charged at her full rate for time spent traveling, which included delays. Final Fee App., Ex. 9. This is generally not acceptable under the Vaccine Program. *See O'Neill v. Secretary of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *16 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) ("where documentation that an expert spent travel time working on the case is not provided, experts in vaccine cases are commonly compensated at half of their hourly rate for time spent traveling") (citing *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed.Cl. 773, 791 (2010)); *Schultz v. Sec'y of Health & Human Servs.*, No. 16-539, WL 5095634, at *2 (Fed. Cl. Spec. Mstr. Aug 15, 2019) (reducing expert's payment for hours spent traveling by half); *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (same). Accordingly, I will reduce her rate during the documented travel time by half, thus reducing the award of attorneys' costs by $2,334.38.

Next, I will discuss the reasonableness of the rates charged for expert fees. Elizabeth Kattman is noted as having an M.S. in Special Education with an Emphasis in Rehabilitation, with experience in the preparation of life care plans for over 25 years. Final Fee App., Ex. 7. Ms. Kattman charges an hourly rate of $225.00. *Id.* This rate is requested over a period from January 2019 through August 2021. *Id.* This rate has remained the same since 2015 and been approved of previously by the special masters for other experts. *See* Pet. Ex. 7; *see Wilson v. Sec'y of Health & Human Servs.,* No. 14-411V, 2017 WL 1374748 at *3 (Fed. Cl. Spec. Mstr. Mar. 22, 2017) (finding an hourly rate of $225.00 for an expert with ReEntry Rehabilitation Services to be reasonable). Based on this, the rate of $225.00 as observed in this case is reasonable. The amount reduced is only for specific unreasonable entries, not the rate itself. This case involved significant litigation regarding the damages to be awarded and substantial participation by Ms. Kattman was required to develop and present the evidence for the requested damages. Thus I find her hours spent on this case to be reasonable.

I have reviewed all other requested costs, including the un-reimbursed litigation costs on the petitioner. In my review of the $872.02 attorney costs incurred during the period of December 1, 2018, through and including April 2022, I find that these costs are reasonable and supported with adequate documentation. Final Fee App., Ex. 4. I also review the $4,090.56 labeled as unreimbursed litigation costs of petitioner. *Id.* at Ex. 5, 6. The costs included copying costs, postage, transcript, and a retainer for Ms. Kattman. *Id*. at Ex. 6. These costs are reasonable and adequately documented and as such will be awarded in full.

V.      **Conclusion**

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $175,754.50 |
| **Attorneys' Fees Awarded:** | **$175,754.50** |
| | |
| Attorneys' Costs Requested: | $38,745.88 |
| Attorneys' Costs Reduction: | -$2,334.38 |
| **Attorneys' Costs Awarded:** | **$36,411.50** |
| | |
| Total Attorneys' Fees and Costs Requested: | $214,500.38 |
| **Total Attorneys' Fees and Costs Awarded:** | **$212,166.00** |
| | |
| Petitioner's Costs Requested: | $4,090.56 |
| **Petitioner's Costs Awarded:** | **$4.090.56** |

Accordingly, I award the following:

1) **A lump sum in the amount of $212,166.00, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Law Offices of Lisa A. Roquemore.**

2) **A lump sum in the amount of $4,090.56, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).